**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KIMBERLEE WILLIAMS, BRENDA
TORRES, and KENNETH RENFROW
                    Plaintiffs,
                                                        Case No. 3:16-cv-433-J-34JRK
vs.

ENCORE RECEIVABLE MANAGEMENT,
INC.,

                    Defendant.

_____/

**O R D E R**

    **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Plaintiffs initiated the instant action

on April 12, 2016, by filing a nine-count complaint.  <u>See</u> Preliminary Statement (Doc. 1;

Complaint).  Upon review, the Court finds that the Complaint constitutes an impermissible

"shotgun pleading."  A shotgun complaint "contains several counts, each one incorporating

by reference the allegations of its predecessors, leading to a situation where most of the

counts . . . contain irrelevant factual allegations and legal conclusions."  <u>Strategic Income</u>

<u>Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002).

Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous

task of sifting out irrelevancies in order to decide for itself which facts are relevant to a

particular cause of action asserted.  <u>See</u> <u>id.</u>  Here, Counts Two, Three, Five, Six, Eight,

and Nine reallege and incorporate by reference many preceding paragraphs contained

within other Counts.  <u>See</u> Complaint at 14, 15, 17, 18, 20.  Moreover, each Count realleges

and incorporates by reference many paragraphs that are irrelevant to the asserted claim.

<u>See</u> <u>generally</u> Complaint.  By way of example only, the Court notes that Count One,

although entitled "Violation of the Fair Debt Collection Practices Act," incorporates paragraphs that on their face are pertinent only to Plaintiffs' claims under wholly separate statutes.  See id. at ¶ 62, realleging id. at ¶¶ 30, 33, 35, 39, 54–60.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources."  Cramer, 117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure.  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

In light of the foregoing, the Court will give Plaintiffs an opportunity to file an amended complaint correcting the shotgun nature of the Complaint.

Accordingly, it is **ORDERED**:

1.  The Preliminary Statement (Doc. 1) is **STRICKEN**.

2.  Plaintiffs shall file an amended complaint curing the shotgun nature of the Preliminary Statement (Doc. 1) on or before **MAY 13, 2016**.  Failure to do so may result in a dismissal of this action.

3.  Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, this 28th day of April, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:

Counsel of Record